UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICO LOWE-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV500 HEA |
| ) | |
| DORIS BROOKS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $32, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court finds that the complaint must be dismissed under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff is incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Defendants are officials there. Plaintiff sues defendants for alleged violations of his First Amendment rights, and he raises claims under federal criminal law. For the purposes of this Order, the Court accepts the facts alleged in the complaint as true.

Defendants Doris Brooks and Melba Miller are librarians at ERDCC. Plaintiff attempted to make copies of photographs, which he believes tend to show his innocence, but Brooks and Miller did not allow him to do so, citing prison policy. He says he wanted to send them to news outlets to support his claim of innocence.

Plaintiff purchased copy cards from the canteen. When the cards are empty, prisoners have to surrender them and buy new ones. Plaintiff says the cards are taxed upon purchase. He believes that his rights are violated when he is forced to surrender his empty copy cards and buy new ones.

Plaintiff alleges that the remaining defendants denied his grievance or are committing money laundering by forcing prisoners to purchase new copy cards when they become empty.

Plaintiff has not alleged that prison officials prohibited him from mailing any documents to news outlets or any other person or agency.

## Discussion

Plaintiff's § 1983 claims fail because none of his allegations amount to a constitutional violation. For this reason, defendants are entitled to qualified immunity. *See Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007).

Plaintiff's conspiracy claims under 18 U.S.C. §§ 1956, 1962 are legally frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

For these reasons, this action must be dismissed under 28 U.S.C. § 1915(e). Additionally, because of the frivolous nature of plaintiff's allegations, the Court certifies that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice because the allegations in the complaint are legally frivolous.

**IT IS FURTHER ORDERED** that the remaining motions are **DENIED** as moot.

An Order of Dismissal will be filed separately.

Dated this 13th day of April, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE